UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


SAMUEL TYRONE JEFFERS (#127810)

VERSUS                                        CIVIL ACTION

DR. MAI TRAN, ET AL                           NUMBER 07-329-FJP-SCR

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.   Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, December 6, 2007.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SAMUEL TYRONE JEFFERS (#127810)

VERSUS                                    CIVIL ACTION

DR. MAI TRAN, ET AL                       NUMBER 07-329-FJP-SCR

MAGISTRATE JUDGE'S REPORT

Before the court is the defendant's Motion to Dismiss.  Record document number 27.  The motion is opposed.[1]

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Dr. Mai Tran.[2]  Plaintiff alleged that he was denied medical treatment in retaliation for filing an administrative grievance in violation of his constitutional rights.[3]

Dr. Tran moved to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6),

_____

[1] Record document number 32.  This is the Plaintiff's Cross Motion to Defendant's Motion to Dismiss and Plaintiff's Cross Motion for Summary Judgment which this court will consider as the plaintiff's opposition to the defendant's motion to dismiss.

[2] Plaintiff's claims against Warden Burl Cain, Asst. Warden Shirley Coody and Linda Miller were previously dismissed.  Record document number 35.

[3] Plaintiff's motion to amend the complaint to allege claims of deliberate indifference regarding actions taken since he filed this suit was denied.  Record document number 18.

Fed.R. Civ. P.

**A.   Failure to State a Claim**

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

The court must accept as true the plaintiff's allegations and may not dismiss the complaint for failure to state a claim unless it appears beyond doubt that the plaintiff cannot prove any set of facts in support of his claim which would entitle him to relief. *Boudeloche v. Grow Chemical Coatings Corp.*, 728 F. 2d 759 (5th Cir. 1984).

In order to overcome a motion to dismiss filed under Rule 12(b)(6) a plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery ... or contain allegations from which an inference may fairly be drawn that evidence on these material points will be addressed at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (citation omitted).  Plaintiff's complaint should not simply contain a litany of conclusory allegations, but must be pled with a certain level of factual specificity. *Collins v. Morgan*

2

*Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

The primary issue at this stage of the proceedings is not whether the plaintiff will ultimately prevail, but whether the substantive nature of the allegations raised in the complaint are such that the plaintiff "is entitled to offer evidence to support his claim." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

## 1.  Eleventh Amendment Immunity

Plaintiff brought this action against the defendants in both their individual and official capacities.  Defendant Dr. Tran moved, on the basis of Eleventh Amendment immunity, to dismiss the plaintiff's claims against her insofar as the plaintiff sued her in her official capacity.

The distinction between personal and official capacity suits was clarified by the U.S. Supreme Court in *Hafer v. Melo, et al,* 502 U.S. 21, 112 S.Ct. 358 (1991).  A suit against a state official in his official capacity is treated as a suit against the state. *Id.*, 502 U.S. at 25, 112 S.Ct. at 361, *citing Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105 (1985).  Because the real party in interest in an official-capacity suit is the governmental entity and not the named individual, the "entity's `policy or custom' must have played a part in the violation of federal law." *Graham, supra*, at 166, 105 S.Ct. at 3105.

Personal capacity suits, on the other hand, seek to impose individual liability upon a government officer for actions taken

under of color of state law.  A showing that the official, acting under color of state law, caused the deprivation of a federal right is enough to establish personal liability in a § 1983 action. *Hafer*, 502 U.S. at 25, 112 S.Ct. at 362.

*Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989), makes it clear that the distinction between official-capacity suits and personal-capacity suits is more than a "mere pleading device."  Officers sued in their personal capacity come to court as individuals.  However, a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official capacity actions for prospective relief are not treated as actions against the state. *Will*, 491 U.S. at 71, 109 S.Ct. at 2311, n. 10, *quoting Kentucky v. Graham*, 473 U.S. at 167, 105 S.Ct. at 3106, n. 14.

Therefore, the plaintiff may recover money damages against the defendant insofar as the defendant was sued in her individual capacity for actions taken by her under color of state law which caused the deprivation of the plaintiff's constitutional rights. Insofar as the plaintiff sought prospective injunctive relief against the defendant in her official capacity, his official capacity claim is also actionable under § 1983.

### 2.   Qualified Immunity

Defendant argued that she is entitled to qualified immunity because her conduct did not violate any of the plaintiff's clearly

established constitutional or statutory rights of which a reasonable person would have known.

A state official sued in her individual capacity for damages may assert a qualified immunity defense. *Procunier v. Navarette*, 434 U.S. 555, 561, 98 S.Ct. 855, 859 (1978).  This immunity is defeated if the official violated clearly established statutory or constitutional rights, of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982).  In assessing the applicability of a qualified immunity defense, the court must first determine whether the plaintiff has asserted a violation of a clearly established right at all. *Siegert v. Gilley*, 500 U.S. 226, 111 S.Ct. 1789 (1991). If the court determines that there was a violation of a right secured by the Constitution, then it must determine whether the defendant could have reasonably thought her actions were consistent with the rights she is alleged to have violated. *Anderson v. Creighton*, 483 U.S. 635, 638, 107 S.Ct. 3034, 3038 (1987).  The protections afforded by the qualified immunity defense turn on the "objective legal reasonableness" of the defendant's conduct examined by reference to clearly established law. *Id.*, at 639, 107 S.Ct. at 3038.  The court does not ascertain solely whether the law was settled at the time of the defendant's conduct, but rather, when measured by an objective standard, a reasonable officer would have known that her conduct was illegal.  Even if a defendant's

5

conduct actually violates a plaintiff's constitutional right, the defendant is entitled to qualified immunity if the conduct was objectively reasonable. *Duckett v. City of Cedar Park, Texas*, 950 F.2d 272 (5th Cir. 1992), *citing Pfannstiel v. City of Marion*, 918 F.2d 1178, 1183 (5th Cir. 1990); *Melear v. Spears*, 862 F.2d 1177 (5th Cir. 1989); *Matherne v. Wilson*, 851 F.2d 752 (5th Cir. 1988).

To state a valid claim for retaliation under § 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his exercise of that right, (3) a retaliatory adverse act, and (4) causation. *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003); *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999).

Prison officials cannot act against a prisoner for availing himself of the courts and attempting to defend his constitutional rights. *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir.), *cert. denied*, 516 U.S. 1084, 116 S.Ct. 800 (1996). In order to state a claim of retaliation an inmate must establish that but for the retaliatory motive the complained of incident would not have occurred. *Id*. The inmate must prove direct evidence of motivation or, he must allege a chronology of events from which retaliation may plausibly be inferred. *Id*.

Plaintiff alleged that Dr. Tran withheld medical attention for his chronic allergies and deformed toes in retaliation for filing administrative grievances against her.

At the time of the alleged incident, the right to be free from retaliation for filing an administrative grievance was clearly established.  *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003) (to establish a retaliation claim, an inmate must show a specific constitutional right, the defendant's intent to retaliate against the prisoner for his exercise of that right, a retaliatory adverse act, and causation).

Defendant argued that the plaintiff's allegations are insufficient to establish that Dr. Tran intended to retaliate against him for exercising his right to file an administrative grievance.

In his opposition to the defendant's motion to dismiss, the plaintiff asserted that prior to Hurricanes Katrina and Rita, Dr. Tran was willing to refer the plaintiff to various specialists and to Charity Hospital in New Orleans.[4]  Plaintiff asserted that after the storms he and Dr. Tran had a disagreement.  Plaintiff then filed Administrative Remedy Procedure (ARP) numbers LSP-2006-1410 and LSP-2006-2610.  Plaintiff asserted that after he filed the two ARPs, Dr. Tran refused to conduct a physical examination of the plaintiff even though he filed numerous health care requests complaining that his prescribed medication was not resolving his allergy symptoms.  Plaintiff asserted that Dr. Tran also refused to review the plaintiff's medical records or refer him to a specialist

---

[4]   Record document number 32, pp. 4-5.

7

for his allergy condition.   Finally, the plaintiff asserted that Dr. Tran refused to refer the plaintiff to an orthopedist for his toe deformity.   Plaintiff asserted that he was last examined by an orthopedist for his toe deformity on November 14, 2005.

Defendant Dr. Tran failed to show that the plaintiff cannot prove any set of facts in support of his claim which would entitle him to relief.   Plaintiff's allegations are sufficient to state a claim upon which relief can be granted.

<u>RECOMMENDATION</u>

It is the recommendation of the magistrate judge that the defendant's motion to dismiss be denied.

Baton Rouge, Louisiana, December 6, 2007.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE