UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SAMUEL TYRONE JEFFERS (#127810)

VERSUS                                              CIVIL ACTION

DR. MAI TRAN, ET AL                                 NUMBER 07-329-FJP-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, June 16, 2008.

                                      STEPHEN C. RIEDLINGER
                                      UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SAMUEL TYRONE JEFFERS (#127810)

VERSUS                                          CIVIL ACTION

DR. MAI TRAN, ET AL                             NUMBER 07-329-FJP-SCR

MAGISTRATE JUDGE'S REPORT

Before the court are motions for summary judgment by the plaintiff and defendant Dr. Mai Tran.  Record document numbers 33 and 67, respectively.  Plaintiff opposed the defendant's motion.[1]

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Dr. Mai Tran.[2]  Plaintiff alleged that he was denied medical treatment in retaliation for filing an administrative grievance in violation of his constitutional rights.[3]

Plaintiff moved for summary judgment relying on a statement of undisputed facts and the results of Administrative Remedy Procedure

---

[1] Record document number 70.

[2] Plaintiff's claims against Warden Burl Cain, Asst. Warden Shirley Coody and Linda Miller were previously dismissed.  Record document number 35.

[3] Plaintiff's motion to amend the complaint to allege claims of deliberate indifference regarding actions taken since he filed this suit was denied.  Record document number 18.

("ARP") number LSP-2006-2610, a true copy of which was previously filed in the record.

Defendant moved for summary judgment relying on a statement of undisputed facts, the affidavits of Dr. Tran and Dr. Richard Palecki, copies of the plaintiff's medical records, a December 18, 2007 memorandum issued by Medical Director Dr. Jonathan Roundtree, and copies of portions of the plaintiff's master prison record.

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Rule 56, Federal Rules of Civil Procedure.  Supporting affidavits must set forth facts which would be admissible in evidence.  Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Fed.R.Civ.P.

Plaintiff alleged that Dr. Tran withheld medical attention for his chronic allergies and deformed toes in retaliation for filing administrative grievances against her.

In his opposition to the defendants' earlier motion to dismiss, the plaintiff asserted that prior to Hurricanes Katrina and Rita, Dr. Tran was willing to refer the plaintiff to various specialists and to Charity Hospital in New Orleans.[4]  Plaintiff asserted that after the storms he and Dr. Tran had a disagreement. Plaintiff filed ARP numbers LSP-2006-1410 and LSP-2006-2610.

---

[4] Record document number 32, pp. 4-5.

2

Plaintiff asserted that after he filed the two ARPs, Dr. Tran refused to physically examine him even though he filed numerous health care requests complaining that his prescribed medication was not resolving his allergy symptoms. Plaintiff asserted that Dr. Tran also refused to review the plaintiff's medical records or refer him to a specialist for his allergy condition. Finally, the plaintiff asserted that Dr. Tran refused to refer the plaintiff to an orthopedist for his toe deformity. Plaintiff asserted that he was last examined by an orthopedist for his toe deformity on November 14, 2005.

To state a valid claim for retaliation under § 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his exercise of that right, (3) a retaliatory adverse act, and (4) causation. *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003); *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999).

Prison officials cannot act against a prisoner for availing himself of the courts and attempting to defend his constitutional rights. *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir.), *cert. denied*, 516 U.S. 1084, 116 S.Ct. 800 (1996). In order to state a claim of retaliation an inmate must establish that but for the retaliatory motive the complained of incident would not have occurred. *Id*. The inmate must prove direct evidence of motivation or, he must allege a chronology of events from which retaliation

may plausibly be inferred. *Id.*

The summary judgment evidence showed that on July 1, 2006, the plaintiff filed LSP-2006-2610.[5] Plaintiff complained that for approximately one year prior to filing the ARP in July 2006, Dr. Tran refused to provide him with medical treatment for his deformed toes, hearing loss and chronic sinus condition in retaliation for an administrative grievance the plaintiff filed against her.[6] The ARP was received by officials in the prison's Legal Programs Department on July 13, 2006, and was placed on backlog until March 14, 2007.[7] Although the plaintiff also referred to LSP-2006-1410 as another administrative grievance which prompted Dr. Tran's alleged retaliation, plaintiff did not attach a copy of this administrative grievance record as an exhibit in support to his motion for summary judgment and the ARP was not filed in the record.

Plaintiff's medical records showed that the plaintiff was examined at the Ears, Nose and Throat (ENT) Clinic on February 9, 2005, April 4 and 27, May 18, and June 6, 2005. In addition, the plaintiff was examined for complaints associated with his allergies and hearing loss on May 25, June 29, July 31, August 10 and 24, October 3 and 5, and November 6, 2005, March 1, 3, 7, 8, 15, 19, 29

---

[5] Record document number 8.

[6] *Id.*

[7] *Id.*

4

and 30, April 10, May 17 and 25, June 21 and 29, July 20, August 18, September 6 and 29, October 20, 2006, January 9, 24 and 29, February 14, April 25, June 11, 14, August 29 and 31, and September 18, 2007.  Plaintiff was prescribed several medications and bed rest when warranted.

Plaintiff's medical records showed that the plaintiff was examined for toe pain on July 14, 21, August 28, September 28, November 11, 14, and 21, 2005, January 12, August 28 and 29, October 20, 2006, March 25, June 24 and 28, July 19 and August 8, 2007.  Plaintiff refused to be examined for complaints of toe pain on May 2 and June 27, 2007.

There is no evidence in the record that Dr. Tran withheld medical treatment from the plaintiff in retaliation for filing administrative grievances.  Plaintiff's medical records showed that sometimes he was treated by Dr. Tran, and at other times other doctors treated him.  The other doctors provided essentially the same medical treatment as Dr. Tran.  Plaintiff has no right to treated by a particular doctor.  Plaintiff's dissatisfaction with the medical treatment he received from Dr. Tran does not rise to the level of a constitutional violation. The summary judgment evidence does not support finding a chronology of events from which retaliation by Dr. Tran may plausibly be inferred.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the

plaintiff's motion for summary judgment be denied, the defendant's motion for summary judgment be granted, and this action be dismissed.

Baton Rouge, Louisiana, June 16, 2008.

　　　　　　　　　　　　　　　　　　／s／ Stephen C. Riedlinger
　　　　　　　　　　　　　　　　　　STEPHEN C. RIEDLINGER
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE